# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**FORREST RICHARDSON**                                **CIVIL ACTION**

**VERSUS**                                            **NO. 22-576-JWD-SDJ**

**ALBERTSONS COMPANIES
INC. LOUISIANA, et al.**

---

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report and Recommendation. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 31, 2023.

*[signature]*

**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FORREST RICHARDSON**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 22-576-JWD-SDJ**

**ALBERTSONS COMPANIES
INC. LOUISIANA, et al.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Remand (R. Doc. 7) and Motion for Leave to Amend (R. Doc. 8), both filed by Plaintiff Forrest Richardson. For the reasons given below, the Court **recommends** that Plaintiff's Motion to Remand (R. Doc. 7) be **denied**, and that his Motion for Leave to Amend (R. Doc. 8) also be **denied** and his Amended Complaint (R. Doc. 10) be **struck** from the record.[1]

In this cause of action, Plaintiff alleges he was injured while shopping at Albertsons when 3 employees pushing a "very long line of grocery carts . . . slammed the line of grocery carts into [Plaintiff] from behind." (R. Doc. 3-1 at 1-2). Plaintiff filed suit in state court against Albertsons and its fictitiously named liability insurer, ABC Insurance Company.[2] (R. Doc. 3-1). Albertsons

---

[1] In most circumstances, the Motion for Leave to Amend (R. Doc. 8) would be done by order, while the Court's resolution of the Motion to Remand (R. Doc. 7) must be done by Report and Recommendation. *See Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016). But here, Plaintiff argues that the proposed Amended Complaint warrants the remand, making the analysis of the Motion to Remand (R. Doc. 7) and the Motion for Leave to Amend (R. Doc. 8) inseparable. And so, because the "analysis [of] the Motion for Leave to [Amend] [(R. Doc. 8)] bears directly on the recommendation with regard to the Motion to Remand, the undersigned is issuing a report on both motions." *Darr v. Amerisure Ins. Co.*, 2016 WL 5110267, at *1 (M.D. La. Aug. 31, 2016).

[2] Because "ABC Insurance Company" is a fictitious name acting as a placeholder for Albertson's liability insurer, the citizenship of ABC is disregarded for purposes of removal. *See Beiriger v. Medtronic Dofamor Danek USA, Inc.*, 2017

then removed the case to federal court based on diversity jurisdiction. (R. Doc. 1). There is no dispute that Albertsons and Plaintiff are completely diverse.[3] Nonetheless, Plaintiff now seeks remand because, although he still does not know the identities of the 3 employees, he intends to seek "leave of Court to file a[n] [amended] complaint to [name] the [] employees under the pseudonym of 'employee one,' 'employee two' and 'employee three.'" (R. Doc. 7-1). Indeed, Plaintiff filed a Motion for Leave to Amend (R. Doc. 8) immediately following his Motion to Remand (R. Doc. 7). Even still, Plaintiff's plan fails for several reasons.

First, in considering the Motion to Remand (R. Doc. 7), the "general rule is that removal jurisdiction should be determined on the basis of the state court complaint at the time of removal, and that a plaintiff cannot defeat removal by amending it." *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 265 (5th Cir. 1995); *see also Gebbia v. Wal-Mart Stores*, Inc., 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of the

---

WL 8944085, at *4 (M.D. La. Nov. 30, 2017) ("Plaintiff named 'ABC Insurance Company,' 'DEF Insurance Company' and 'XYZ Insurance Company' as defendants in his Petition for Damages. In the Motion to Remand, Plaintiff does not allege that any of these are the actual names of the Medtronic Defendants insurers. Thus, the Insurance Company Defendants are fictitiously named."); *Dixon v. Greyhound Lines, Inc.*, 2013 WL 4766797, at *2 (M.D. La. Sept. 4, 2013) (court refused to consider the citizenship of the fictitiously named defendant in determining whether it had subject matter jurisdiction). The Court does not consider ABC Insurance Company in determining whether complete diversity exists.

[3] While the parties do not raise the issue in connection with the Motion to Remand, the Court must still be satisfied that the jurisdictional amount is met. Significant here, the record contains a pre-suit demand letter from Plaintiff detailing his medical expenses and providing case law to support his demand to settle his claim for "$160,000, plus medical expenses" (R. Doc. 3-2 at 4). *See Sampson v. Red Frog Events, LLC*, 2018 WL 3966977, at *4 (M.D. La. July 17, 2018) ("Plaintiff's July 18, 2017 settlement demand details Plaintiff's medical expenses and alleged injuries, and provides case law [] supporting his demand . . . . In light of the detail therein, the undersigned finds that the July 18, 2017 settlement demand was an honest pre-suit assessment by Plaintiff evidencing what Plaintiff believed was a reasonable settlement value."). Given this honest pre-suit assessment by Plaintiff, the Court is satisfied that the jurisdictional amount has been met. *See Lilly v. Dollar Gen. Corp.*, 2017 WL 4836539, at *4 (M.D. La. Sept. 18, 2017) ("That is to say, the case law has specifically held that pre-removal settlement demands are sufficient to establish the amount in controversy for purposes of diversity jurisdiction."); *Claiborne v. Gov't Emps. Ins. Co.*, 2021 WL 1556750, at *4 (M.D. La. Mar. 10, 2021) ("This Court has previously held that the amount sought in a pre-removal settlement demand letter is valuable evidence to indicate the amount in controversy at the time of removal."); *Broussard v. Celebration Station Properties, Inc.*, 2014 WL 1402144, at *4 (M.D. La. Apr. 10, 2014) ("All federal courts in Louisiana have relied upon and cited *Fairchild* for the proposition that pre-petition settlement letters are valuable evidence for determining the amount in controversy if that amount is not facially apparent.").

removal."). In other words, whether removal was proper is be determined "on the basis of claims in the state court complaint as it existed at the time of removal." *Id.* at 264.[4] And here, the Complaint filed in state court indicates complete diversity between the named Defendants and Plaintiff.[5] And so, the Court recommends that the Motion to Remand (R. Doc. 7) be **DENIED** as diversity jurisdiction existed at the time of removal.

But to be sure, the Court's recommendation to deny remand would not change even if it were to grant the pending Motion for Leave to Amend (R. Docs. 8 and 10) and consider the addition of the 3 fictitious Defendants. As discussed below, the Court recommends that leave should denied. But it goes on to explain that the proposed amendment would have no effect on the existence of complete diversity, even if it were allowed.

To begin, the Court **recommends** that the Motion for Leave to Amend (R. Doc. 8) be **DENIED without prejudice,** and the proposed Amended Complaint (R. Doc. 10) should be **STRUCK** from the record. While Plaintiff's Motion for Leave (R. Doc. 8) did not attach a

---

[4] In certain circumstances a court may consider subsequent filings to the extent those filings clarify jurisdictional facts that existed at the time of removal. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (court would consider post-removal filing "to the extent that the factual allegations in [the] [filing] clarify or amplify the claims actually alleged"). Nonetheless, in deciding a motion to remand, courts do not consider wholly new causes of action in a proposed amended complaint filed after removal. *Compare Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995) (refusing to consider proposed amended complaint in connection with motion to remand and noting: "[T]here is no need for clarification of the Cavallinis' complaint; it does not contain allegations against Cunningham that state a claim for relief . . . . The Cavallinis' proposed amended complaint does not clarify the jurisdictional facts at the time of removal; it attempts instead" to add a new cause of action.), *with Johnson v. Packaging Corp. of Am.*, 2019 WL 1271053, at *10 (M.D. La. Feb. 27, 2019) ("Plaintiffs' proposed Third Amended Petition . . . does not add an additional claim or cause of action against Snelgrove. Rather, [it] seeks to insert additional factual allegations, . . . to support Plaintiffs' [original] claims. Under these circumstances, . . . the proposed allegations seek to clarify and amplify Plaintiffs' claims . . . as [they] existed when this suit was removed," and the proposed allegations are considered in connection with the motion to remand.). The Court, therefore, does not consider the proposed Amended Complaint (R. Docs. 8 and 10) in resolving the Motion to Remand (R. Doc. 7) and the issue of whether complete diversity existed at the time of removal.

[5] Plaintiff points out that his state court Complaint "referenced the employees . . . paragraph 5 wherein it was stated that 'three employees of ALBERTSONS had a compiled a very long line of grocery carts and were pushing them . . . when [the grocery carts] slammed . . . into Petitioner.'" (R. Doc. 7-1 at 1). But Plaintiff does not name these three employees as defendants—not even fictitiously. And so, it does not consider them to be parties to this suit.

proposed Amended Complaint, as it should have, Plaintiff later filed the proposed amendment in the record (Amended Complaint, R. Doc. 10). Having reviewed the proposed Amended Complaint (R. Doc. 10), it is not comprehensive. Instead, it simply references the original Complaint (R. Doc. 3-1) and states what additions should be made to certain paragraphs. This Court has found this insufficient on numerous occasions. It therefore recommends denial of the Motion for Leave to Amend (R. Doc. 8) on that basis alone. And because the deadline for amended pleadings does not run until July 3, 2023 (R. Doc. 15 at 1), the Scheduling Order allows plenty of time for Plaintiff to seek leave to amend once again and to file a comprehensive version of any proposed amendment.[6]

But to be sure, even if the Court had just recommended that Plaintiff's Motion for Leave be granted and that the Amended Complaint (R. Doc. 10) be allowed, diversity jurisdiction would still exist, and remand would still not be warranted based on the Amended Complaint.

While "most post-removal developments—amendment of pleadings to below jurisdictional amount or change in citizenship of a party—will not divest the court of jurisdiction," the "addition of a nondiverse defendant will . . . ." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987). Here, the proposed Amended Complaint (R. Doc. 10) would add three new Defendants, according to Plaintiff—"employee one, employee two and employee three." (R. Doc. 10 at 1); (R. Doc. 7-1 at 2). But critically, the newly proposed Defendants are sued under fictitious names.

"[F]ictitious [] parties are not real parties in interest and their presence in the lawsuit is ignored." *Mitchell v. Wal-Mart Stores, Inc.*, 2016 WL 447721, at *2 n.1 (W.D. La. Feb. 4, 2016). For that reason, "the citizenship of fictitious defendants [is] disregarded for purposes of determining diversity jurisdiction." *Blanchard v. Tillman*, 2020 WL 6581010, at *2 (E.D. La. Nov.

---

[6] The Court in no way makes any finding or suggestion as to the merits of any future amendment that may be sought by Plaintiff.

10, 2020) (rejecting plaintiff's remand argument that "complete diversity is destroyed because unnamed defendants who worked in concert with the named defendants are likely Louisiana residents"). As such, remand would not be warranted even if the Court allowed the proposed Amended Complaint, as it would simply add three fictitious Defendants.[7] Therefore,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 7) and Plaintiff's Motion for Leave to Amend (R. Doc. 8) both be **DENIED**. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 624 (5th Cir. 2019) ("We explained in the past that Congress has indicated that federal diversity jurisdiction is defeated so long as, after removal, fictitious defendants are replaced with nondiverse, named defendants."); *Wonsley v. Kroger Co. Madison, MS*, 2020 WL 8922845, at *2 (S.D. Miss. May 20, 2020) ("The citizenship of parties sued under fictitious names is disregarded for the purposes of determining whether a civil action is removable on the basis of diversity jurisdiction."). Moreover, Plaintiff's Amended Complaint (R. Doc. 10) should be **STRUCK** from the record by the Clerk of Court.

Signed in Baton Rouge, Louisiana, on March 31, 2023.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] The Court also notes that the First Supplemental and Amending Petition for Damages [R. Doc. 10] alleges that the three fictitious Defendants are "resident[s]" of Louisiana. However, the citizenship of an individual is determined by the individual's *domicile*, not residency. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).